IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WEI LU,

       Plaintiff,

v.                                                   CV 13-0531 WPL/LAM

KEN CHRISTENSEN, Individually
and in his official capacity as San Juan
County Sheriff, SAN JUAN COUNTY
SHERIFF'S OFFICE, ALAN JAMISON,
Individually and in his official capacity,
JACOB SANCHEZ, Individually and in
his official capacity, DAVID McCALL,
Individually and in his official capacity,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

Defendants Jamison, Sanchez, and McCall ("the SET defendants") have filed a Second Motion for Summary Judgment. (Doc. 47.) The SET defendants argue that they are now able to offer additional evidence to prove that they had a valid warrant to search Lu's residence (*Id.* at 2) and that they should therefore be granted summary judgment as to the search of the residence and the USB drive (*Id.* at 4).

Filed with the motion is an affidavit from Sandra A. Price, District Judge in the Eleventh Judicial District, State of New Mexico. (Doc. 47 Ex. A.) Judge Price asserts in the affidavit that she did find probable cause to search Lu's residence and issued a search warrant for the home on October 30, 2012 (*id.* at 1-2), and the USB drive on November 13, 2012 (*id.* at 2-3). She explains that the first page of the search warrant for the home did not include any special notations or comments from her and that therefore, when this page was destroyed in her fax machine, she still

considered the SET detectives to have an executed and fully valid search warrant for Lu's residence.[1] (*Id.* at 2.) Judge Price also confirms that the items seized in the search of the home were consistent with those provided for in the search warrant. (*Id.*)

In response, Lu "has no reason to contest the veracity or reliability of anything contained in the Affidavit of the Honorable Sandra Price and stipulates to the facts contained therein as true." (Doc. 49 at 1.) In effect, Lu stipulates to the existence and validity of the search warrant for the residence. (*See* Doc. 47 Ex. A at 2.)

"It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 590 (1980). Furthermore, "[o]nly where [a] warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost." *Malley v. Briggs*, 475 U.S. 335, 344 (1986). Because Lu has stipulated to the fact that the SET defendants had a warrant and that the warrant itself was valid, the SET defendants are entitled to qualified immunity with respect to the search of the home and the USB drive. I therefore grant summary judgment to the SET defendants as to the searches of the home and USB drive.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

---

[1] I question why the SET defendants would file yet another motion with the Court without attaching a copy of the first page of the search warrant for the home, but this oversight is harmless given Judge Price's affidavit and Lu's stipulation.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.